GEORGE W. KING AND LILLIAN KING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
King v. Commissioner
Docket No. 39918-87
United States Tax Court
T.C. Memo 1992-465; 1992 Tax Ct. Memo LEXIS 488; 64 T.C.M. (CCH) 519; August 18, 1992, Filed *488 Decision will be entered for respondent. For Petitioner: Mark L. Garren. For Respondent: Jeffrey L. Bassin. WHALEN
WHALEN
MEMORANDUM FINDINGS OF FACT AND OPINION WHALEN, Judge: Respondent determined deficiencies of $ 19,637.06 and $ 2,553.00 in petitioners' Federal income taxes for the taxable years 1977 and 1978, respectively. The sole issue for decision is the validity of Forms 872-A, Special Consents to Extend the Time to Assess Tax, at the time of their execution and their continued effect at the time the deficiency notice herein was issued. FINDINGS OF FACT Most of the facts have been stipulated. The stipulated facts and the exhibits are incorporated herein by this reference. Petitioners resided in Iaeger, West Virginia, at the time they filed their petition. They filed timely Federal income tax returns for the taxable years at issue with the Internal Revenue Service Center, Memphis, Tennessee. In 1975, petitioners made certain charitable contributions which they valued on their 1975 tax return at $ 347,000, giving rise to an excess charitable deduction which they carried over to subsequent taxable years. Respondent disallowed the deduction to the extent that the *489 value of the contributions exceeded $ 33,343.27. Petitioners paid the resulting increase in their 1975 tax and, on about August 20, 1980, brought a refund suit therefor in the United States District Court for the Southern District of West Virginia. A Form 872-A was executed by the petitioners' representative on October 20, 1980, and by respondent's representative on October 24, 1980, extending the time for assessment for the taxable year 1977 until: on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such periods. * * * The Form 872-A further provided that "The amount of any deficiency assessment is to be limited to that resulting from any carryover of a 1975 contribution deduction claimed for a building conveyed to a religious organization." Another Form 872-A was executed by petitioners on December 7, 1981, and by a representative of respondent on December 11, 1981, *490 extending the time for assessment for the taxable year 1978. This form contained the same language regarding termination and the restriction on its operation as was contained in the Form 872-A for 1977. Neither petitioners nor respondent ever sent a Form 872-T to the other party. By letter dated August 5, 1980, respondent sent petitioners a report of Income Tax Examination Changes for 1977 and 1978, dated June 10, 1980. By letter dated August 4, 1986, respondent sent petitioners a revised report, dated July 15, 1986, showing a decreased deficiency for 1977 and the same deficiency for 1978. The deficiencies determined in the deficiency notice mailed by respondent on October 16, 1987, coincide with those reflected in the revised report. On May 25 and 26, 1982, a jury trial was held in petitioners' refund suit. The jury found a $ 75,000 value for the donated property in question and, on May 28, 1982, the District Court entered a judgment order to that effect and ordered a refund to petitioners. Due to the inability of the parties to agree on the computation, such refund had not been made at the time of the trial herein. OPINION Petitioners contend that the Forms 872-A had become *491 ineffective before the deficiency notice herein was issued and that consequently its issuance was barred by the 3-year period of limitations set forth in section 6501(a). [1] That period expired in April 1981 in respect of the 1977 taxable year and April 1982 in respect of the 1978 taxable year. The first prong of petitioners' contention is that the Forms 872-A did not meet the requirements of the Internal Revenue Service Manual which provides that a Form 872-A: will not be accepted until all of the following conditions exist: (a) the examination has been completed; (b) the examination report has been prepared; and (c) the report and language of the restrictive consent has been approved by Quality Review. Petitioners argue that it is obvious that the first requirement has not been met since the 1986 report was a continuation of the examination of their returns for the taxable years at issue. This conclusion, they assert, is confirmed by the *492 fact that respondent did not issue a deficiency notice after the first report in 1980. According to petitioners, the deficiency notice not having been mailed until October 16, 1987, it was clearly untimely. The difficulty with petitioners' argument is that it ignores the established principle that the provisions of the Internal Revenue Service Manual are not mandatory; they are for the purpose of governing the internal operations of respondent, do not have the force and effect of law, and compliance with the rules contained therein is generally not relevant to the actions of the respondent which otherwise satisfy the Internal Revenue Code. ; ; . These cases apply the doctrine articulated, in respect of respondent's procedural rules and regulations, in . The numerous nontax cases, cited by petitioners, which deal with the obligations of agencies to follow their procedural rules, are simply not relevant. *493 Petitioners' reliance on , is misplaced. That case did no more than hold that respondent had in fact followed the requirements of the Internal Revenue Service Manual. There is not the slightest suggestion in our opinion that the result would have been different if such had not been the case. The second prong of petitioners' contention is that, the clear language of the Forms 872-A notwithstanding, the period for assessment expired upon the lapse of a reasonable period of time after execution. Again, petitioners cite numerous cases in support of their position but overlook the fact that such cases deal with an earlier version of Form 872-A and that later cases, dealing with the same Form 872-A that was used herein, categorically hold that there is no reasonable time limitation governing the effectiveness of the form. ; , affg. ; ; . *494 The fact that petitioners may have thought that the duration of the Forms 872-A was subject to a reasonable time limitation does not warrant a different conclusion. Moreover, we note that petitioners had the option of sending a Form 872-T but chose not to do so. In sum, neither prong of petitioners' contention has merit. Accordingly, we hold that the Forms 872-A were validly executed and in full force and effect at the time the deficiency notice herein was mailed to petitioners. The deficiency notice was therefore timely under section 6501(c)(4). In their petition, petitioners requested us, in the event that we held that the deficiency notice was timely issued, to permit their charitable contribution carryover to be calculated at 30 percent of adjusted gross income under section 170(b)(1)(C)(i) (formerly section 170(b)(1)(D)(i)) instead of under the 50-percent limitation of section 170(b)(1)(C)(iii) (formerly section 170(b)(1)(D)(iii)) which they elected to use in their 1975 return. They have not pursued this request on brief, and we therefore consider it abandoned. In any event, the issue has been decided adversely to their request. , *495 affg. ; . Decision will be entered for respondent. Footnotes
1. All statutory references are to the Internal Revenue Code.↩